UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SLOAN PATRICK STANLEY,

     Petitioner,

 v.

KEVIN HANSON,

     Respondent.

Case No. 2:21-cv-01207-RAJ-TLF

REPORT AND RECOMMENDATION

Noted for February 11, 2022

This case has been referred to Magistrate Judge Theresa L. Fricke pursuant to 28 U.S.C. § 636(b)(1) and Local Rule MJR 3 and 4. Petitioner, a *pro se* pretrial detainee currently confined in the Mason County Jail, seeks federal habeas relief under 28 U.S.C. § 2241. Dkt. 4. Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Section 2254 Rules")[1], the Court should dismiss a habeas petition if it plainly appears from the petition the petitioner is not entitled to relief. The Court has reviewed the habeas petition and concludes the Court must abstain from granting habeas relief under *Younger v. Harris*, 401 U.S. 37 (1971). Because this deficiency cannot be cured by amendment, the Court recommends the habeas petition

---

[1] The Section 2254 Rules also apply to habeas corpus petitions brought under 28 U.S.C. § 2241. Section 2254 Rules, Rule 1(b).

REPORT AND RECOMMENDATION - 1

be DISMISSED without prejudice. The Court also recommends a certificate of appealability (COA) not be issued.[2]

## BACKGROUND

Petitioner was convicted after a jury trial in Walla Walla County Superior Court of harassment and intimidating a judge, and was sentenced on November 7, 2018. Dkt. 4. Petitioner filed a timely appeal, and on direct review the Court of Appeals reversed and remanded for new trial on the ground that the trial court violated petitioner's constitutional right to present a defense by excluding highly relevant evidence. *Id*. at 2. S*ee also State v. Stanley*, 17 Wn.App.2d 1012, *1 (April 15, 2021). On remand, petitioner successfully sought a change of venue to Mason County Superior Court, where he is now awaiting retrial.[3] Dkt. 4 at 15.

Petitioner seeks dismissal of the charges against him and/or an injunction prohibiting his prosecution. Dkt. 4 at 8. The petition asserts four grounds for relief: (1) the harassment statute under which petitioner was convicted in his first trial, RCW 9A.46.020 is unconstitutionally overbroad and vague; (2) the intimidation of a judge statute under which petitioner was convicted in his first trial, RCW 9A.72.160, is unconstitutionally overbroad and vague; (3) there is insufficient evidence to sustain a conviction; (4) the State had insufficient probable cause to arrest and charge petitioner;

---

[2] Petitioner has requested that Kevin Hanson, the Chief of the Mason County Jail, be substituted as the respondent in this matter because petitioner has been transferred from his previous place of confinement to the Mason County Jail to await his retrial. Dkt. 6. Petitioner's request is GRANTED; the Clerk is directed to substitute Kevin Hanson as the respondent in this matter.

[3] According to the docket in petitioner's criminal matter, Mason County Superior Court No. 21-1-00281-23, petitioner's retrial is set for May 10, 2022. https://odysseyportal.courts.wa.gov/odyportal (last visited January 20, 2022).

REPORT AND RECOMMENDATION - 2

1  and (5) the State engaged in outrageous misconduct by presenting testimony petitioner
2  alleges is false. Dkt. 4 at 27–50.

3  DISCUSSION

4  Because petitioner is a pre-trial detainee facing unresolved and pending state
5  criminal charges the Court must determine whether it must abstain under *Younger v.*
6  *Harris*, 401 U.S. 37 (1971). *Younger* abstention is required when: "(1) there is 'an
7  ongoing state judicial proceeding'; (2) the proceeding 'implicate[s] important state
8  interests'; (3) there is 'an adequate opportunity in the state proceedings to raise
9  constitutional challenges'; and (4) the requested relief 'seek[s] to enjoin' or has 'the
10 practical effect of enjoining' the ongoing state judicial proceeding." *Arevalo v. Hennessy*,
11 882 F.3d 763, 765 (9th Cir. 2018) (quoting *ReadyLink Healthcare, Inc. v. State Comp.*
12 *Ins. Fund*, 754 F.3d 754, 758 (9th Cir. 2014)). The *Younger* abstention doctrine applies
13 to actions seeking federal habeas corpus relief. *See Drury v. Cox*, 457 F.2d 764,764–65
14 (9th Cir. 1972). Federal courts do not invoke the *Younger* abstention if there is a
15 "showing of bad faith, harassment, or some other extraordinary circumstance that would
16 make abstention inappropriate." *Middlesex Cty. Ethics Comm'n v. Garden State Bar*
17 *Ass'n*, 457 U.S. 423, 435 (1982).

18 The *Younger* factors are met here. First, petitioner is a pre-trial detainee with
19 ongoing state proceedings. Second, as those proceedings involve a criminal
20 prosecution, they implicate important state interests. *See Kelly v. Robinson*, 479 U.S.
21 36, 49 (1986); *Younger*, 401 U.S. at 43–44. Petitioner expressly seeks to enjoin his
22 retrial, meeting the fourth factor.

23 The third factor is also satisfied here; the pending state proceedings provide an
24 adequate opportunity for petitioner to address the federal issues raised in the petition.

25

REPORT AND RECOMMENDATION - 3

Petitioner will have a full opportunity upon retrial to assert his claims with respect to the adequacy of the evidence supporting probable cause and his conviction, and to present evidence he contends demonstrates the unreliability of the State's witnesses and evidence. Petitioner will also have an opportunity to address the constitutionality of the statutes he contends are vague and overbroad, including proposing appropriate jury instructions. Furthermore, while petitioner disagrees with the Court of Appeals' resolution of some of the issues in his appeal, that does not establish the inadequacy of the state forum itself. *See Baffert v. California Horse Racing Bd.*, 332 F.3d 613, 621 (9th Cir. 2003) ("Plaintiff obviously disagrees vigorously with the result that he has achieved thus far in California. However, his lack of success does not render the forum inadequate."). Accordingly, *Younger* abstention applies in this case.

      Petitioner acknowledges the potential applicability of *Younger* to his claims, but argues they fall within *Younger's* exception for "extraordinary circumstances in which . . . irreparable injury can be shown." 401 U.S. at 53. *See* Dkt. 4 at 16–25. Petitioner first argues that such circumstances exist because, he asserts, the statutes under which he was charged are unconstitutionally vague and overbroad. Dkt. 4 at 20–21. But this exception is "extremely narrow." *Dubinka v. Judges of Superior Ct. of State of Cal. for Cty. of Los Angeles*, 23 F.3d 218, 225 (9th Cir. 1994). For the exception to apply, an allegedly unconstitutional statute must be "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it." *Younger,* 401 U.S. at 53–54.[4]

---

[4] *Younger* also expressly limited the applicability of *Dombrowski v. Pfister*, 380 U.S. 479 (1965), upon which petitioner relies: "We do not think that [*Dombrowski*] stands for the proposition that a federal court

REPORT AND RECOMMENDATION - 4

Petitioner argues that Washington's statutes prohibiting threats to cause bodily injury and threats to judicial officers are overbroad because they might reach negligent conduct. Dkt. 4 at 24. This does not meet the requirements of the extremely narrow exception delineated in *Younger*. Petitioner does not and cannot establish the statutes violate the Constitution under every interpretation and under all circumstances. "[I]f the constitutionality of the state statute is unclear or if the statute may be applied constitutionally in some cases, then abstention under *Younger* is appropriate." *Dubinka*, 23 F.3d at 225.

Next, petitioner argues that he will be irreparably harmed by retrial because the State relies upon evidence he contends is false. Dkt. 4 at 22–24. The irreparable harm exception is also narrow:

> "[o]nly in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown is federal injunctive relief against pending state prosecutions appropriate."

*Perez v. Ledesma*, 401 U.S. 82, 85 (1971).

Here, the State did not proceed to trial "without hope of obtaining a valid conviction"; it prevailed at trial. The Court of Appeals vacated, accepting petitioner's argument that he should have been permitted to present evidence that would undermine the testimony of the State's witnesses. Thus, on retrial petitioner will be able to argue—as he contends here—that the State's evidence is false. In this case, as in *Perez*, petitioner is "free to present his federal constitutional claims . . . to the [state] courts in a manner permitted in that State." 401 U.S. at 85.

---

can properly enjoin enforcement of a statute solely on the basis of a showing that the statute 'on its face' abridges First Amendment rights." *Younger*, 401 U.S. at 53.

REPORT AND RECOMMENDATION - 5

Petitioner's argument of irreparable harm amounts to no more than "the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution," which the Supreme Court held are not "irreparable." *Younger*, 401 U.S. at 46. *See also Carden v. State of Mont.*, 626 F.2d 82, 84–85 (9th Cir. 1980) (neither "unfair" filing of an information nor undue delay tactics presented extraordinary circumstances causing irreparable harm sufficient to justify federal interference in a state proceeding).

*Younger* requires that the Court abstain from inserting itself into petitioner's state court criminal proceedings. Because no amendment of the petition will render habeas corpus relief appropriate at this time, the Court recommends that the petition be dismissed without prejudice.

## CERTIFICATE OF APPEALABILITY

A state prisoner seeking habeas corpus relief may appeal a district court's dismissal of the petition only after obtaining a certificate of appealability ("COA") from a district or circuit judge. A COA may be issued only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3). A prisoner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

Under this standard, the Court finds that no reasonable jurist would disagree that a federal court should abstain from interfering with petitioner's pending criminal proceedings. Accordingly, a COA should be DENIED.

REPORT AND RECOMMENDATION - 6

## CONCLUSION

Because this Court must abstain from interfering with petitioner's ongoing state court criminal trial, the Court recommends that the federal habeas petition (Dkt. 4) be DISMISSED without prejudice and a COA be denied.

Petitioner has **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed set this matter for consideration on **February 11, 2022**, as noted in the caption.

Dated this 21st day of January, 2022.

Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 7