UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SLOANE STANLEY,<br><br>    Petitioner,<br><br> v.<br><br>KEVIN HANSON,<br><br>    Respondent. | CASE NO. 2:21-cv-01207-JHC-TLF<br><br>ORDER DIRECTING PARTIES TO FILE SUPPLEMENTAL BRIEFING |

The Court directs the parties to file supplemental briefing regarding Petitioner's Motion for Reconsideration (Dkt. # 16). The parties shall (1) address the holding of *Page v. King,* 932 F.3d 898 (9th Cir. 2019) as it applies to this case, and (2) address whether Petitioner has properly exhausted his state court remedies.

Specifically, the parties shall explain whether the "irreparable harm" exception to the *Younger* abstention doctrine, articulated in *Arevalo v. Hennessy,* 882 F.3d 763 (9th Cir. 2018) and reaffirmed in *Page,* applies here. That exception states:

> *Younger* does not 'require[] a district court to abstain from hearing a petition for a writ of habeas corpus challenging the conditions of pretrial detention in state court' where (1) the procedure challenged in the petition is distinct from the underlying criminal prosecution and the challenge would not interfere with the prosecution, or (2) full vindication of the petitioner's pretrial rights requires intervention before trial.

ORDER DIRECTING PARTIES
TO FILE SUPPLEMENTAL
BRIEFING - 1

*Page,* 932 F.3d at 903 (quoting *Arevalo,* 882 F.3d at 764, 766–67). The Ninth Circuit found that Page's challenge to the state court's probable cause determination fit within the exception. *Id.* at 904–905. Given this holding, and the fact that Stanley also challenges the state court's probable cause determination, the parties shall explain whether the *Arevalo/Page* exception applies equally here. The Court is aware that Stanley has requested specifically "that the State be enjoined from detaining [him]." Dkt. # 12. However, the parties shall address whether Stanley would be entitled to *any* relief—including an order directing the state court to conduct a new probable cause hearing—should this Court find that *Younger* abstention does not apply and that the initial probable cause determination was constitutionally deficient.

Second, the parties shall address whether a pretrial detainee in Petitioner's position must exhaust state court remedies—specifically in the context of challenging the state court's probable cause finding—before filing a habeas petition under 28 U.S.C. § 2241. If exhaustion applies here, the parties shall also address whether it is Petitioner's burden to show that he has properly exhausted, as well as the particular avenues for relief that he must pursue in state court before a district court may grant relief. Lastly, if either party has evidence of exhaustion (or lack thereof) from the state court record that they believe would be relevant to this question, they may submit it as well.

The supplemental briefing shall be filed no later than August 23, 2022 and shall not exceed seven (7) pages in length, not including documentation regarding exhaustion.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 9th day of August, 2022.

*John H. Chun*

John H. Chun
United States District Judge