UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SLOAN STANLEY,<br><br>　　　　　　　　Petitioner,<br><br>　　v.<br><br>KEVIN HANSON,<br><br>　　　　　　　　Respondent. | CASE NO. 2:21-cv-01207-JHC-TLF<br><br>ORDER |

## I.

### INTRODUCTION

This matter comes before the Court on Petitioner's Motion for Reconsideration (Dkt. # 16) and Motion for Request of Enumerated Concessions (Dkt. # 20). The Court has considered the filings in support of, and in opposition to, the motions; the applicable law; and the case file. Being fully advised, the Court DENIES Petitioner's motions.

## II.

### BACKGROUND

Petitioner is a pretrial detainee facing pending state criminal charges. *See generally* Dkt. # 4. On September 13, 2021, Petitioner filed a Petition for Writ of Habeas Corpus seeking

ORDER - 1

dismissal of the charges against him, an injunction prohibiting his prosecution, and/or a declaration that the statutes with which he is charged are unconstitutional. *Id.* at 8. Magistrate Judge Theresa Fricke issued a Report and Recommendation on January 21, 2022, citing the *Younger* abstention doctrine and recommending that the Court abstain from interfering with Petitioner's ongoing state court criminal proceedings. Dkt. # 9. On February 10, Petitioner filed Objections to the Report and Recommendation, in which he raised various arguments in opposition to the Report and Recommendation, and sought to amend his habeas petition to include a request "that the State be enjoined from detaining [him]." Dkt. # 12 at 2. This Court issued an order adopting the Report and Recommendation on May 3, 2022. Dkt. # 13.

Petitioner filed a Motion for Reconsideration on May 18, 2022. Dkt. # 16. In the motion he cites *Page v. King,* 932 F.3d 898, 904 (9th Cir. 2019), a case in which the Ninth Circuit held that the *Younger* abstention doctrine did not apply to a pretrial detainee's challenge to the state court's probable cause finding. On May 27, 2022, the Court issued an Order Directing Service and Return of Petitioner's habeas petition on Respondent, and on June 29, 2022, Respondent filed an Answer. Dkts. ## 17, 19. On July 7, 2022, Petitioner filed a Motion for Request of Enumerated Concessions, requesting that the Court order Mason County Special Deputy Prosecuting Attorney Amy Meckling to provide a signed statement certifying that Respondent's Answer (Dkt. # 19) is true and correct to the best of her knowledge. Dkt. # 20. The motion also requests that the Court stay the proceedings until such a statement is provided, and if one is not provided Petitioner requests that the Court decline to accept the Answer. *Id.*

On August 9, 2022, the Court issued an order directing both parties to file supplemental briefing. Dkt. # 23. The Court requested that the parties "(1) address the holding of *Page v. King,* 932 F.3d 898 (9th Cir. 2019) as it applies to this case, and (2) address whether Petitioner has properly exhausted his state court remedies." Dkt. # 23. Petitioner filed a brief on

ORDER - 2

August 20, 2022, and Respondent filed a brief on August 23, 2022.  Dkts. ## 24, 25.  Both parties attached portions of the state court record to their filings.  *Id.*

### III.

#### ANALYSIS

A.  Petitioner's Motion for Reconsideration

Based on the parties' briefing and the relevant portions of the state court record, the Court (1) concludes that Petitioner has not exhausted his state court remedies and therefore (2) does not reach the question whether this case falls within the "irreparable harm" exception to the *Younger* abstention doctrine discussed in *Page v. King,* 932 F.3d 898 (9th Cir. 2019).

Although it is only in the post-trial setting that exhaustion has been mandated by statute, 28 U.S.C. § 2254(b), federal courts have imposed a prudential exhaustion requirement for § 2241 pretrial habeas actions in the interests of federal-state comity.  *See Ward v. Chavez,* 678 F.3d 1042, 1045 (9th Cir. 2012).  "Where a petitioner seeks pre-conviction habeas relief, this exhaustion prerequisite serves two purposes: (1) to avoid isolating state courts from federal constitutional issues by assuring those courts an ample opportunity to consider constitutional claims; and (2) to prevent federal interference with state adjudication, especially state criminal trials."  *Carden v. State of Mont.*, 626 F.2d 82, 83 (9th Cir. 1980).  A claim is exhausted when the petitioner has "fairly presented" his claims to the state courts in accordance with the state's procedures.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (habeas petitioner must give the state courts "one full opportunity" to decide a federal claim by carrying out "one complete round" of the state's appellate process); *Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999) ("To exhaust a habeas claim properly, a petitioner must present his claim to the state supreme court even if that court's review is discretionary.").

The Supreme Court has suggested that an exception to this exhaustion bar may exist for cases that involve "special circumstances." *See Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 489 (1973).  But this exception is exceedingly narrow and still requires petitioners to exhaust all "*available* state remedies" before a federal court may entertain a habeas action.  *Id.* (emphasis added).  Further, the Ninth Circuit's body of case law suggests that the definition of "special circumstances" in the exhaustion context is not coextensive with the definition of "exceptional circumstances" in the *Younger* abstention context.  For example, in *Arevalo v. Hennessy,* the Ninth Circuit found that the case fit "squarely within the irreparable harm exception" to *Younger* abstention, but granted federal habeas relief only after determining that the petitioner had also exhausted his state remedies.  882 F.3d 763, 766–67 (9th Cir. 2018).  Similarly, in *Bean v. Matteucci,* the Ninth Circuit held that the case fit within the same irreparable harm exception, but only after noting that the petitioner had "exhausted his state remedies prior to seeking federal habeas relief."  986 F.3d 1128, 1135–36 (9th Cir. 2021).  Of note in *Bean*, the court distinguished an unpublished case from the Northern District of California, in which the petitioner sought to challenge the same proceeding (a petition by the state to forcibly administer medication to him) but in which he had not exhausted his state court remedies.  *Id.* (citing *Pagtakhan v. Foulk,* No. C 09-5495 SI PR, 2010 WL 3769282, at * 1 (N.D. Cal. Sept. 21, 2010)).  The Court infers from these cases that, while similar circumstances could theoretically justify exceptions to both *Younger* abstention and the exhaustion requirement, the fact that certain circumstances exempt a petitioner from one does not necessarily imply the petitioner is exempt from the other.

Here, the Court concludes that Petitioner has not exhausted his state court remedies, nor has he shown special circumstances that would warrant an exception to the exhaustion requirement.  First, the excerpts of the state record submitted by both parties show that

Petitioner's challenge to the state's probable cause determination has not gone through "one complete round" of the state's appellate process. *O'Sullivan*, 526 U.S. at 845. Petitioner emphasizes that he presented his personal restraint petition—in which he raised arguments about the validity of the state's probable cause determination—to the state appellate courts. *See* Dkt. # 24 at 7, 12, 24. But Petitioner's personal restraint petition was a post-conviction challenge to the validity of his now vacated conviction and is therefore irrelevant to the current proceedings. As the state appellate court explained, the proper avenue to challenge the state's probable cause determination on remand is to move the state court for a new probable cause hearing. *See State v. Stanley,* No. 36432-1-III, 2021 WL 2910249, at *15 (Wash. Ct. App. 2021) ("[Petitioner] next argues he should have received a *Frank*[s] hearing because there were numerous inaccuracies in the certificate of probable cause. Because we are remanding for retrial, he will have the opportunity to make this request on remand."). According to the state court record, Petitioner is currently in the process of doing so. Dkt. # 25 at 3–4, 10. The matter is pending and set for oral arguments; therefore, it has not been fully exhausted at this time. Dkt. # 25 at 52. Further, Petitioner has not shown special circumstances that would warrant an exception to the exhaustion requirement. Examples of special circumstances that have been recognized by federal courts are futility or waiver of exhaustion, *see Adelson v. DiPaola,* 131 F.3d 259, 263 (1st Cir. 1997), and the potential for double jeopardy, *see Drayton v. Hayes,* 589 F.2d 117, 120–21 (2d Cir. 1979). The Court perceives nothing in the nature of this petition to qualify it as a "special circumstance," and is unaware of any case in which a district court granted the writ in a similar context despite failure of the petitioner to exhaust.

Because the Court determines that Petitioner must, and has not, exhausted his state court remedies, it does not reach the question whether this case falls within the "irreparable harm" exception to the *Younger* abstention doctrine. The Court also notes that, should Petitioner

ORDER - 5

remain detained after properly exhausting his state court remedies, he may again file a habeas corpus petition with this Court.

B. Petitioner's Motion for Request of Enumerated Concessions

Petitioner moves this Court to order Mason County Special Deputy Prosecuting Attorney Amy Meckling to provide a "perjury statement declaring under penalty of perjury of the laws of the United States, that the document she authored and submitted to this Court on June 29, 2022, 'Respondent's Answer and Memorandum of Authorities,' is true and correct." Dkt. # 20 at 2. Petitioner also requests that the Court "stay, toll, or extend the proceedings in this matter" until Meckling provides such a statement, and in the event that she does not provide one Petitioner requests that the Court "decline to accept the document." *Id.* at 2–3.

The signing of pleadings, motions and other papers is governed by Federal Rule of Civil Procedure 11. That rule states:

> (a) SIGNATURE.  Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented . . . Unless a rule or statute specifically states otherwise, a pleading need not be verified or accompanied by an affidavit . . .
>
> (b) REPRESENTATIONS TO THE COURT.  By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> > (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> >
> > (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> >
> > (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

ORDER - 6

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11. Amy Meckling signed the Answer and Memorandum of Authorities that Petitioner references in his motion. Dkt. # 19 at 11. Petitioner has offered no legal basis to support his motion and the Court declines to order that Meckling submit the additional signed statement.

## IV.

### CONCLUSION

For the reasons above, the Court DENIES Petitioner's Motion for Reconsideration and Motion for Request of Enumerated Concessions.[1]

Dated this 8th day of September, 2022.

John H. Chun
United States District Judge

---

[1] Petitioner's supplemental brief includes a request for counsel "in the interests of justice" and "to assist [him] with any continuing proceedings in this matter." Dkt. # 24 at 2–3. The Court construes this request as a motion for appointment of counsel. To the extent Petitioner seeks counsel in connection with the instant motion, the Court denies the request. It is generally the case that a person has no right to counsel in civil actions. *See Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). A court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) under exceptional circumstances. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). When determining whether "exceptional circumstances" exist, a court must consider "the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). For the reasons set forth above, Petitioner has not demonstrated a likelihood of success on the merits of his motion. In addition, there is no indication that Petitioner's case involves legal issues so complex as to warrant designation of counsel. To the extent that Petitioner seeks counsel in connection with future proceedings in this case, this motion is denied as moot.

ORDER - 7